## IN RE: NISSAN NORTH AMERICA, INC., INFINITI FX DASHBOARD PRODUCTS LIABILITY LITIGATION.

**Tracie Hope, et al. v. Nissan North America, Inc., W.D. Missouri, C.A. No. 4:10–142**

**Jerry Aaron v. Nissan North America, Inc., E.D. Texas, C.A. No. 2:10–47.**

### MDL No. 2164.

United States Judicial Panel on Multidistrict Litigation.

June 3, 2010.

Before JOHN G. HEYBURN II, Chairman, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN, W. ROYAL FURGESON, JR., FRANK C. DAMRELL, JR. and BARBARA S. JONES, Judges of the Panel.

### ORDER DENYING TRANSFER

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel:** Common defendant Nissan North America, Inc. (Nissan) has moved, pursuant to 28 U.S.C. § 1407, for centralization of this litigation in the Middle District of Tennessee. This litigation currently consists of one action pending in the Western District of Missouri (Hope) and one action pending in the Eastern District of Texas.[1] Plaintiffs in both actions responded in support of Nissan's motion.

---

**1.** As filed, the Section 1407 motion encompassed a third action, then pending in the Eastern District of California. That action, however, has since been dismissed.

On the basis of the papers filed and the hearing session held, we will deny Nissan's motion. There are only two actions in this docket. Although both are putative class actions, the *Hope* plaintiffs seek certification of a Missouri-wide class, while the *Aaron* plaintiff seeks certification of a Texas-wide class. Thus, there are no overlapping classes. In addition, the same attorneys represent plaintiffs in both actions. While the actions do share some questions of fact regarding whether the dashboards of Infiniti FX35 and FX45 crossover vehicles are prone to unsightly bubbling, the parties have not convinced us that those questions are sufficiently complex and/or numerous to justify Section 1407 transfer at this time. Alternatives to transfer exist that may minimize whatever possibilities there might be of duplicative discovery and/or inconsistent pretrial rulings. *See, e.g., In re Eli Lilly and Co. (Cephalexin Monohydrate) Patent Litigation,* 446 F.Supp. 242, 244 (Jud.Pan.Mult.Lit.1978); *see also Manual for Complex Litigation, Fourth,* § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these two actions is denied.